Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtors-in-Possession

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>George Aubert Orchards Inc.,<br><br>Debtor-in-Possession. | Case No. 20-30629-dwh12 |
| In re<br><br>Aubert Property Holdings, LLC,<br><br>Debtor-in-Possession. | Case No. 20-30630-dwh12 |
| In re<br><br>Leonard Aubert,<br>Karen Aubert,<br><br>Debtors-in-Possession. | Case No. 20-30628-dwh12<br><br>MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES |

**NOTICE**

If you oppose the proposed course of action or relief sought in this motion, you must file a written objection in each of the above Chapter 12 cases (or, if Debtors-in-Possession's concurrent motion for joint administration is granted, in the designed lead bankruptcy case) with the bankruptcy court no later than fourteen (14) days after the date listed in the certificate of service enclosed herewith. If you do not file an objection, the Court may grant

Page 1 of 5   MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 1050 SW 6th Avenue #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on Christopher N. Coyle, Vanden Bos & Chapman, LLP, 319 SW Washington Street, Suite 520, (503) 241-4869, within that same time.  If the Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

## MOTION

Debtors-in-Possession Leonard and Karen Aubert, George Aubert Orchards Inc., and Aubert Property Holdings, LLC (collectively "Debtors" or "Debtors-in-Possession" and each a "Debtor") move the Court for entry of the attached Order Determining Adequate Assurance to Utility Companies ("Proposed Order") marked as **Exhibit 1**, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334.  This matter is core proceeding within the meaning of 28 USC § 157(b)(2).

2. Venue is proper in this district pursuant to 28 USC §§ 1408 and 1409.

3. The statutory basis for the relief requested are 11 USC §§101-1532 (the "Bankruptcy Code") and specifically § 105(a) and FRBP 1015(b).

### BACKGROUND

4. On February 24, 2020 (the "Petition Date"), Debtors-in-Possession Leonard and Karen Aubert, George Aubert Orchards Inc., and Aubert Property Holdings, LLC filed

Page 2 of 5   MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

three (3) voluntary petitions for relief under chapter 12 of the Bankruptcy Code. Debtors will continue to operate their commercial farming operation (growing and harvesting pears and cherries) as debtors-in-possession pursuant to Section 1204 of the Bankruptcy Code.

5. In connection with the operation of Debtors' business, Debtors obtain electric, gas, water, and similar services (collectively the "Utility Services") from several utility companies (the "Utility Companies"). Listed as First Class Mail service recipients on the Proposed Order are substantially all of the Utility Companies that provide Utility Services respectively to the Debtors as of the Petition Date. The relief requested herein is requested with respect to all Utility Companies providing Utility Services to Debtors and is not limited only to those entities listed on the Proposed Order.

6. Pursuant to Section 366(c)(2), a Utility Company may alter, refuse, or discontinue utility service to a debtor if within 30 days after the Petition Date the debtor does not provide adequate assurance of payment for post-petition Utility Services in a form that is satisfactory to the Utility Company. Debtors seek an order determining the appropriate form of adequate assurance of future performance and thereby prohibiting any Utility Company from altering, refusing, or discontinuing Utility Services absent further court order.

7. Debtors propose to provide adequate assurance of payment in the form of a one-month deposit by Debtors to the Utility Companies which request such a deposit within thirty (30) days of such request.

8. The one-month deposits made within thirty (30) days of request of each Utility Company shall be deemed to be adequate assurance of payment for purposes of Section 366 without prejudice to the Utility Companies' right to seek additional or alternative assurance of payment upon further request of this Court. Debtors request that any Utility

Page 3 of 5   MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

Company seeking additional or alternative forms of adequate assurance be prohibited from altering, refusing, or discontinuing Utility Services pending further order of this Court.

9. If Utility Companies are permitted to terminate Utility Services without notice to Debtors or an opportunity for hearing, Debtors' business could be severely impacted resulting in significant losses. The impact on Debtors' business operations, revenue and restructuring efforts could be devastating. Accordingly, it is important that the Utility Services remain uninterrupted.

10. In determining adequate assurance, the Court is not required to give the Utility Companies the equivalent of a guarantee of payment but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services. See *In re Caldor, Inc. - NY*, 199 B.R. 1 (SDNY 1996); *In re Santa Clara Circuits West, Inc.*, 27 BR 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 BR 856, 858 (Bankr. D. Me 1980).

11. The adequate assurance proposed herein consisting of a cash deposit upon request equal to one month of service for each identified utility will provide satisfactory assurance of payment. Furthermore, requiring a court order prior to the alteration, refusal, or discontinuance of Utility Services by any Utility Company will protect Debtors' business operations from being disrupted in the event a Utility Company unilaterally determines that the proposed adequate assurance of payment is not appropriate.

12. Debtors' proposed assurance of payment is in the best interest of Debtors and Debtors' creditors and will enable Debtors to continue to operate Debtors' business in the ordinary course.

Page 4 of 5    MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

WHEREFORE, Debtors pray that this Court enter the Proposed Order determining that the payment of a deposit equal to one-month's average services with thirty (30) days of a request by a Utility Company constitutes adequate assurance of payment in accordance with Section 366 unless and until further order of this Court and prohibiting any Utility Company from altering, refusing, or discontinuing Utility Services without further order of this Court or granting such other form of adequate assurance as the court may deem necessary or appropriate.

Dated: February 24, 2020     VANDEN BOS & CHAPMAN, LLP


By:/s/Christopher N. Coyle
   Christopher N. Coyle, OSB #073501
   Of Attorneys for Debtors-in-Possession

Page 5 of 5    MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>George Aubert Orchards Inc.,<br><br>　　　　Debtor-in-Possession. | Case No. 20-30629-dwh12 |
| In re<br><br>Aubert Property Holdings, LLC,<br><br>　　　　Debtor-in-Possession. | Case No. 20-30630-dwh12 |
| In re<br><br>Leonard Aubert,<br>Karen Aubert,<br><br>　　　　Debtors-in-Possession. | Case No. 20-30628-dwh12<br><br>ORDER DETERMINING ADEQUATE ASSURANCE TO UTILITY COMPANIES |

THIS MATTER having come before the Court upon Debtors-in-Possession Leonard and Karen Aubert, George Aubert Orchards Inc., and Aubert Property Holdings, LLC (collectively "Debtors" or "Debtors-in-Possession" and each a "Debtor") Motion for Order Determining Adequate Assurance to Utility Companies (Docket #XX) filed by the Debtors

Page 1 of 2     ORDER DETERMINING ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Exhibit 1 - Page 1 of 2

Case 20-30629-dwh12    Doc 9    Filed 02/24/20

and the matter having come before the Court for hearing and the Court being duly advised in the premises and finding good cause therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED for each Utility Company that requests a deposit, payment of a deposit equal to one-month's average services to each Utility Company within thirty (30) days constitutes adequate assurance of payment in accordance with Section 366 unless and until further order of this Court and all utility companies are hereby prohibited from altering, refusing, or discontinuing utility service without further order of this Court. Provided, however, that this order is without prejudice to any utility company's right to seek additional or alternative assurance of payment upon further request of this Court.

###

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Christopher N. Coyle
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtors-in-Possession

**LBR 9021-1 CERTIFICATION**

I certify that I have complied with the requirement of LBR 9021-1(a); the proposed order was circulated with the motion.

By:/s/Christopher N. Coyle
    Christopher N. Coyle, OSB #073501

**First Class Mail:**

Crystal Springs Water District
PO Box 186
3006 Chevron Dr.
Odell, OR 97044

Hood River Electric Cooperative
PO Box 125
Odell, OR 97044-0125

All parties on consolidated service list.

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 2 of 2   ORDER DETERMINING ADEQUATE ASSURANCE TO UTILITY COMPANIES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Exhibit 1 - Page 2 of 2

Case 20-30629-dwh12   Doc 9   Filed 02/24/20